## BURDEN vs. STEIN.

1. Under the act of 1841 (Pamph. Acts, p. 5) giving the lessee of the " City Water-Works" of Mobile a writ of *ad quod damnum* to ascertain the damage caused to riparian proprietors by his diversion of the water from Three-Mile creek, the writ might be sued out as well after as before the erection of the water-works, and against any one or more of the riparian proprietors.

2. If the writ commands the sheriff to make his return thereon, with the proceedings had under it, "*within ten days from the date of the writ,*" it is a sufficient compliance with the requisition of the statute that the jury shall be summoned to view the premises "*at a time not exceeding ten days from the issuing of the writ,*" although it specifies no day for the summoning of the jury.

3. This act was designed not merely to give a remedy for the present injury sustained by the proprietor, but to settle and fix compensation adequate to the injury occasioned by the continuous diversion of the water. Therefore, if the writ commands the jury to ascertain the amount of damage which the defendant " sustains or may sustain," and the verdict is that he " sustains no damage," this is a substantial compliance with the statute.

4. If the defendant was present, and objected to the action of the jury " because he was not duly notified of the time when the jury was to assemble," his objection cannot avail, on error or appeal, unless he affirmatively shows that the notice given him was too short to enable him to prepare for the protection of his interest.

5. When a statute requires notice to be given, but does not specify the length of time, it will be construed to mean a reasonable time.

6. When the decision of a cause pending in the Probate Court is suspended, by consent of parties, until the opinion of the Supreme Court in another cause

therein pending between the same parties can be had, if a judgment is afterwards rendered in which it is recited that the opinion had been received, it will be intended, on error or appeal, that the decision of the probate judge was rendered in open court, in the presence of the parties or their counsel.

7. The effect of a decision under this act, when the verdict of the jury is that the defendant sustains no damage, is to vest in the lessee "the absolute right to the land, water, privilege, or right condemned by the jury"; and therefore it is not erroneous to render judgment that the lessee "is entitled to the use of the waters of said creek, for and during their continuance, without any compensation for damages therefor to said defendant."

8. The defendant in the writ can only be taxed, under the statute, with the costs of the appeal, and the attendance of witnesses ; but if the court renders judgment against him for the costs of the whole proceeding, and he takes an appeal to the Supreme Court, the proper amendment will there be made at his costs.

APPEAL from the Court of Probate of Mobile.

K. B. SEWALL, for the appellant.

F. S. BLOUNT, *contra.*

(No briefs have come to the Reporter's hands.)

CHILTON, C. J.—This was a proceeding under the act of 25th December, 1841, (Pamph. Acts, pp. 5–6,) by Stein against Burden, to ascertain what amount of damage the latter had sustained by the withdrawal of water from Three-Mile creek in consequence of the erection of certain water-works for supplying the city of Mobile with water.

It is insisted by Burden's counsel, that Stein could not have the writ of *ad quod damnum* after he had erected his works, but that the act requires that he should have proceeded before, and then not against any single individual, but against all proprietors on Three-Mile creek to be affected thereby. The statute is expressed in somewhat awkward terms ; but we are satisfied the construction contended for is not the correct one, and would fail entirely to meet the object and design of the Legislature in enacting it. The right to sue out the writ is given by the first section of the act to Stein, his executors, administrators, or assigns, " *as often as may be necessary during the continuance of the privileges granted in the act, to which this act is amendatory,*" &c., and clearly contemplates the right to the writ after the establishment of the works as well as before; otherwise, the terms " during the continuance of the privileges

granted in the act," would be expletive. Nor is it necessary to summon all the proprietors who may claim compensation for damages in one writ; if it were, Stein could have but one writ, while the statute says he may sue out such writ "as often as it may be necessary"; the meaning of which evidently is, as often as a claim for compensation shall be set up by the riparian proprietors.

But it is said the writ is not in conformity to the statute, because it specifies no time when the jury are to view the creek, &c., so as to ascertain the damage. The statute requires that the writ should command the sheriff to summon a jury of seven discreet freeholders of said county, to view the said premises, "*at a time* not exceeding ten days from the issuing of the writ aforesaid." The writ in the case before us requires him to summon the jury and Burden to meet on the same day, at, &c., that the sheriff charge and swear the jury, &c., and then proceeds : "and the judgment so made and sealed by the jurors aforesaid, together with this writ, you are commanded to return to the Court of Probate for said county *within ten days from the date of this writ.*" We do not think it was incumbent on the court to fix any particular day in the writ, but are of opinion it is sufficient that the sheriff was required to have the same executed and returned within ten days from the date of its issue. This was done, and is a good compliance with the act.

Again ; it is objected that the writ requires the jury to say "what amount of damage said Burden sustains, or may sustain, by the withdrawal of the water, or otherwise, in consequence of the erection of said works, and for and during their continuance." The act declares, that "the jury shall ascertain what amount of damage the said proprietors may sustain by the withdrawal of water, or otherwise, in consequence of the erection of said works." The objection appears to be based upon the idea that there must be a literal conformity of the writ to the act ; but we think a substantial compliance is all that is required. It must be so framed as to carry into effect the object of the enactment, and the scope of the jury's inquiry must be sufficiently extensive to embrace all the rights intended by the act to be protected. It was not designed by the enactment merely to give damage for the present injury the

30

party may sustain, but to settle and fix the compensation, which should be adequate to the injury occasioned by the continuous withdrawal of the water for the use of the city. The writ is more explicit than the act, yet it carries out the spirit and meaning of it, and the supposed departure but multiplies (if it be a departure) the chances of Burden for damages, as it looks not only to the present but to the future damage which the proprietor may sustain. It is clear, however, that it is no departure, and that the damage which the proprietor "*may sustain*" means the injury which has been occasioned in the deterioration of his property, or otherwise, by the permanent diversion of a portion of the water accustomed to flow in the creek; and when the jury say they find "he sustains no damage," it must be understood in reference to the works as they then existed, and the effect upon the property of Burden by their continuance. Any other construction, it occurs to us, would be hypercritical, and would sacrifice the manifest meaning and substance to the mere letter.

The objection that Burden was not duly summoned to meet the jury, cannot be allowed to prevail, because it appears that he was present, and it does not appear that the notice given him was too short. His objection, taken before the trial, was not that he had not sufficient time between the notice and the view of the jury to prepare to go into the investigation, but that he had not been "*duly* notified of the time when the jury were to assemble." If he had desired further time, or the notice given him was too short, to enable him to prepare for the protection of his interest, he should have made that the specific ground of his objection. The statute does not fix the length of time which must intervene between the notice and the view; this must, therefore, be construed to be a reasonable time; and what is reasonable depends upon the situation of the parties and the nature of the thing to be performed. It is not made affirmatively to appear that the time allowed in this case was unreasonable, and the maxim applies, "what does not appear does not exist."

Objection is taken to the time when, and the form in which, the judgment was rendered.

As to the time: It appears by the record, that the trial of the exceptions filed by Burden was had at a time when he had

notice, and that he appeared and was fully heard, and at the request and by the agreement of both the parties, the matter was postponed until the opinion of this court could be had in another case between the same parties, which was then pending here. Afterwards, on the 21st March, 1854, the judgment of the court was rendered, overruling the exceptions of Burden, and deciding that the verdict finding that he had sustained no damage be affirmed, inasmuch as the testimony taken before the Probate Court showed its correctness, and adjudging that said Stein was entitled to the use of the water from Three-Mile creek for his water-works, for and during their continuance, without any compensation for damages therefor; and, finally, adjudging the cost of the proceedings against Burden. The entry shows that the opinion of the Supreme Court had been duly certified and made known to the court.

We are unable to perceive any irregularity in the time, at which the judgment was pronounced. According to the judge's entry, the event had occurred upon which the decision was to be pronounced, the receipt of the opinion of this court, and we must intend that his decision was pronounced in open court, in the presence of his attorneys and counsellors, by the judge.

That the judgment declares that Stein is entitled to the water for and during the continuance of his works, is not erroneous; for this is the effect of the finding according to the statute, which declares, "the decree shall vest absolute right in Stein to the land, water, privilege, or right, that shall have been condemned by the jury," &c.

That the Probate Court taxed the whole cost of the proceedings against Burden was clearly not in conformity to the act, which requires that the cost of the attendance of witnesses, as well as the cost of the appeal, shall be borne by the party against whom the judge shall decide. This, however, furnishes no ground for reversal of the judgment, but is matter for amendment and correction, and is ordered to be so amended in this court at the cost of the appellant.

We see no error in the record which can avail the appellant as ground of reversal, and the decree of the Probate Court is therefore affirmed.