## OWEN *vs.* JORDAN.

[PROCEEDINGS IN PROBATE COURT FOR ELEVATION OF MILL-DAM.]

1. *In summary proceedings, record must affirmatively show compliance with statute.*— Where a special and limited jurisdiction is conferred by statute, upon either an individual or a court, the record must affirmatively show a compliance with all the requisitions of the statute.

2. *Inquest of jury, on writ of ad quod damnum, held insufficient.*—The writ of *ad quod damnum* in this case was issued on an application to the probate court for the elevation of a mill-dam already erected (Code, §§ 2089–98); and the inquest of the jury was quashed, because, 1st, the return did not show that the jury were sworn by the sheriff " to discharge their duties fairly and to the best of their ability"; 2dly, it did not show that they were charged by the sheriff as the statute directs; and, 3dly, it did not respond to the matters which the statute requires them to investigate.

APPEAL from the Court of Probate of Lowndes.

ROBERT F. OWEN, the appellant, filed his petition in the Probate Court of Lowndes, alleging that he was the owner of certain lands in said county, through which Blue creek flowed; that said creek was not a navigable stream; that a mill had been erected on said creek, and a dam constructed across it over seven feet high, but the water did not rise more than seven feet before it flowed off through a "waste-way" erected for that purpose; that he was the owner in fee simple of the land on both sides of said creek opposite said mill and dam, and was desirous of raising the dam to the height of eight feet, for the purpose of accumulating water power sufficient to run a saw and grist mill; and he prayed that a writ of *ad quod damnum* might be issued, directing the sheriff of the county to summon seven disinterested freeholders, to make inquiry concerning the matters required by law in the premises.

On the filing of this petition, a writ of *ad quod damnum* was issued to the sheriff, who returned it executed, within the time prescribed by law, by summoning seven persons as jurors; but his return nowhere shows that these persons were freeholders of the county. At the same time, the jury returned their inquest, which was as follows:

" We, the jury, sworn to investigate the matter in relation to Robert F. Owen's mill, after thorough examination, return the following verdict: We believe that the mill of Robert F. Owen, as it now stands, is of benefit to the neighborhood, and does not do any one any harm ; but to raise the water any higher, it would injure the land of Wm. H. Jordan, but how much we are not able to say; and that it might cause sickness, and, in our judgment, the water ought not to be raised any higher."

(Signed by all the jurors.)

Wm. H. Jordan, who appeared in court at the time the return of the jury was made, and who averred that he was personally interested in the matter, was allowed to make himself a party to the proceeding, and to contest the application of the petitioner. On the day appointed for the hearing of the case, a motion was made by counsel, as *amicus curiæ*, to quash the inquest on the following grounds :—

" 1. Because the verdict does not show that the jury examined the lands above and below, belonging to others, which may probably be overflowed or injured, and ascertained and assessed the damages resulting from the erection and continuance of said dam to the several owners of such land; and does not show who are the owners of the lands adjoining the mill of said Owen, nor whether the said owners, or any of them, are minors, lunatics, married women, or non-residents.

" 2. Because it does not show that the jury examined the land above and below said mill, to ascertain whether the residence of such owner or owners, or outhouses, enclosures, gardens, or orchards thereunto immediately belonging, will be overflowed.

" 3. Because it does not show whether the health of the neighborhood would probably be injured by the continuance of said dam.

" 4. Because it does not show that they have examined to ascertain whether any other mill or water-works will be overflowed by the erection or continuance of said dam.

" 5. Because the said jury returned in their said verdict that the mill of said Owen, as it now stands, is a benefit to the neighborhood,—a matter about which they were not charged to inquire, and into which they had no right to inquire.

39

" 6. Because the verdict does not show that the jury were charged by the sheriff at all, nor that they were charged as the law directs.

" 7. Because the verdict is so uncertain, insufficient, and indefinite, that the court can render no judgment thereon."

The court overruled this motion, but permitted Jordan to introduce evidence showing that the application of the petitioner should not be granted; and decided, on the evidence thus adduced, " that the inquisition of the jury, under the proof, is too indefinite to warrant a decree, in that it does not show what was the height of the water, and in the petition it is incorrectly set forth." The court then rendered judgment, quashing the verdict of the jury, ordering a *venire de novo* if Owen desired it, and adjudging the costs ($220 40) against Owen; from which judgment he now appeals, and here assigns the same for error, together with other matters shown in the bill of exceptions.

WATTS, JUDGE & JACKSON, for the appellant, contended,—

1. That it will be presumed, in the absence of evidence to the contrary, that the sheriff did his duty, and that the jury were charged as the law directs. The statute does not require anything to be done by the applicant, after filing his petition, except to pay such damages as may be assessed. The sheriff's default, or omission of duty, will not be allowed to defeat or affect the applicant's rights.—Hendricks v. Johnson, 6 Port. 472.

2. The verdict of the jury shows that they were sworn as the law directs, and is in all respects a substantial compliance with the requisitions of the statute.—Wroe v. Harris, 2 Wash. (Va.) R. 126. The cases cited by the appellee's counsel are believed to have been decided under statutes different from ours.

J. F. CLEMENTS, *contra*, cited the following cases :—

1. To show that the requisitions of the statute must affirmatively appear to have been complied with,—Commissioners' Court of Talladega v. Thompson, 18 Ala. 694 ; same case, 15 *ib.* 134 ; Molett v. Keenan, 22 *ib.* 484 ; Lyon v. Hunt, 11 *ib.* 310 ; Pope v. Headen, 5 *ib.* 433 ; Cresswell & Monette v. Commissioners' Court of Greene, 24 *ib.* 282.

2. To show the insufficiency of the inquest,—Code, § 2098; Bibb v. Mountjoy, 2 Bibb, 1 ; Shackelford's Heirs v. Coffey, 4 J. J. Mar. 40; Trabue v. Macklin, 4 B. Mon. 407; Rout v. Mountjoy, 3 *ib.* 300 ; Eppes v. Cralle, 1 Munf. 258; Hunter v. Coalter, 4 Rand. (Va.) R. 58 ; Whitworth v. Puckett, 2 Gratt. 528.

CHILTON, C. J.—In proceedings of this character, where a special and limited jurisdiction is conferred, either upon an individual, or upon a court, it must affirmatively appear that the requisitions of the statute have been complied with. A number of decisions, recently made by this court, and which are too familiar to require citation, fully establish this proposition.

In this case, the court very properly quashed the return made by the sheriff of the finding of the jury, because it was defective,—1st, in not showing that the jury were sworn by the sheriff, or his deputy, " to discharge their duties fairly and to the best of their ability,"—as required by the Code (§ 2098); 2d, in failing to show that the jury were charged by the sheriff, or his deputy, as required by the several clauses of the section of the Code above referred to ; and, 3d, because the verdict or inquest does not respond to these matters so required to be given them in charge, and which they were summoned to ascertain, but ascertains merely, 1st, that the mill as it now stands is a benefit to the neighborhood ; 2d, that it harms no one ; 3d, that to raise the dam any higher it would injure W. H. Jordan, but they cannot undertake to say how much ; 4th, that it might cause sickness ; and, 5th, that in their judgment the water ought not to be raised any higher.

This is not the finding required by the statute, which provides,—1st, that they shall examine the land above and below, which may probably be overflowed or injured, and ascertain and assess the damages resulting from the erection of such dam, to the several owners of such lands ; 2d, if the residences of such owner, or the outhouses, enclosures, gardens, or orchards, thereunto immediately belonging, will be overflowed ; 3d, if the health of the neighborhood will probably be endangered ; and, 4th, if any other mill or water-works will be overflowed.—Code, § 2098.

These are the several matters about which they are to be charged to inquire, and their inquest of which is required to be written down and signed by them, or a majority of them, and delivered to the sheriff, who is to return it to the probate judge.—Code, § 2100.

It is too clear, we think, to admit of serious doubt, that the inquest is wholly insufficient. It does not substantially conform to the law.—Burden v. Stein, 25 Ala. 455.

Let the judgment be affirmed.