| 42 | 289 |
| 96 | 585 |

## MARTIN *vs.* RUSHTON.

[PETITION TO ERECT MILL-DAM.]

1. *Privilege of erecting mill-dam—against common right; record must show strict compliance with statute.*—The privilege of erecting a mill-dam over a water course in this State, is against common right ; and to uphold the grant of such a privilege, the record must affirmatively show a compliance with all the requisitions of the statute.

*Dissenting opinion, by* BYRD, J.—The record in this case does not show, as against appellant, any error for which this court should reverse.

APPEAL from the Probate Court of Crenshaw county.

WILLIAM RUSHTON filed his petition in the probate court of Crenshaw county, for permission to erect a public grist mill on Capps' mill creek, in said county. After the usual notice, and proceedings, a jury of inquest was summoned, who, after being duly sworn, and charged by the sheriff, and after examination of the premises, made return of their inquest in writing, as follows :

"We, the undersigned jurors, summoned, &c., do hereby certify, that we this day met at the place where the dam is to be erected, which is specified in the application of the

said William Rushton, to inquire touching the matters contained in said application ; and after being duly sworn, as the law directs, proceeded, and made the examination and inquiry, in a thorough and impartial manner; we further certify, that we do find that the lands of Benjamin Martin will be overflowed and injured, and assess a damage of forty dollars ; we further certify, that the health of the neighborhood might probably be endangered to some extent. We further certify, that no other mill, or waterworks will be overflowed by the erection of said dam and mill." (Signed by all the jury of inquest.)

In the order of court granting the application, after other recitals, these words occur : "And it being made to appear to the satisfaction of the said judge, from the said inquest, and from other sufficient evidence, now submitted, that no residence of any owner, or the out-houses, enclosures, gardens, orchards, immediately belonging thereto, will probably be overflowed; that the health of the neighborhood will not be endangered ; and that no other mill or waterworks will probably be overflowed by reason of the erection of said dam, &c. It is therefore ordered, &c."

The application was contested by Benjamin G. Martin, and after a hearing, the application was granted. From this decision of the probate court, the said Martin appealed, and assigned for error the want of conformity to the statute, in the proceedings, as shown by the record.

B. F. PORTER, for appellant.

JUDGE, J.—In the execution of the writ of *ad quod damnum*, in cases like the present, the sheriff is required to attend with the jury at the place where the dam is to be erected, and to administer to them the proper oath. He must then charge the jury, as follows :

"1. To examine the land, above and below, belonging to others, which may probably be overflowed or injured, and ascertain and assess the damages resulting from the erection of such dam, to the several owners of such lands.

"2. If the residence of such owner, or the out-houses,

enclosures, gardens, or orchards thereto immediately belonging, will be overflowed.

"3. If the health of the neighborhood will probably be endangered.

"4. If any other mill or water-works will be overflowed." Code, § 2098.

The inquest returned by the jury in the present case, states : "We do find that the lands of Benjamin Martin will be overflowed and injured, and assess a damage of forty dollars. We further certify that the health of the neighborhood might probably be endangered to some extent. We further certify that no other mill or water-works will be overflowed by the erection of said dam and mill."

Does this return satisfy the requirements of the statute ? We feel constrained to hold, that it does not, for the following reasons :

First. It is not stated that the jury examined *"the land above and below,"* belonging to others, which may probably be overflowed or injured." From anything that appears by the return, there may be owners of lands "above" or "below," other than Martin, whose lands will probably be overflowed, or injured, by the erection of the dam.

Second. It is not stated whether "the residence of any such owner, or the out-houses, enclosures, gardens, or orchards thereto immediately belonging, will be overflowed ;" or, if none such exists, the fact is not stated.

The privilege sought to be obtained by the application, is against common right, and the law should be construed strictly against the privilege ; and no question is better settled in this State, than that where a special and limited jurisdiction is conferred by statute, upon either an individual or a court, the record must affirmatively show a compliance with all the requisitions of the statute. In the case of *Owen v. Jordan*, 27 Ala. 608, which was a proceeding like the present, it was held, that the inquest was insufficient, as it did not respond to all the matters which the statute requires the jury to investigate.

These errors appear in the proceedings ; and under the act of February 19, 1867, (p. 644,) no bill of exceptions is necessary to enable this court to revise and correct them ;

and we may remark that since the passage of that act, there can be no doubt but that an appeal will lie, in a case like the present, notwithstanding the case of *Cox v. Jones*, in manuscript, delivered at the June term, 1866.

It results that the order granting the application must be reversed and the cause remanded, that a *venire de novo* may be awarded, if the applicant desires it.

BYRD, J.—I do not think that this record shows any error of which applicant can complain as a ground of reversal of the judgment of the court below.

The record does not affirmatively show that he has been injured. Whether there was any informality in the proceedings which would have authorized the appellant to have had the inquest set aside on the motion in the court below, it is unnecessary for me to express an opinion. He made no such motion.—Shep. Dig. § 82, p. 568 ; *McMillan v. Wallace*, 3 Stew. 185 ; 2 Por. 29 ; *Holmes v. Gayle et al.* 1 Ala. 517.

The inquest of the jury is responsive to every matter in which the applicant had any interest, or if it is not, he should have shown that it is not, by a motion in the court below, or in some other mode, so that the court below could have passed on the question, and this court review that action on appeal.—*Jordan's Adm'r v. Hubbard et ux*, 26 Ala. 433 ; *Stewart v. Goode et al.*, 29 ib. 476 ; *Yonge v. Brosson*, 23 ib. 684 ; ib. 662.

By the statute, the court below is not confined to the return made by the jury, but may receive evidence and found its action on such evidence. And to review the action of the court on evidence, the record should show all the evidence on which the court made its decision.