# Bottoms & Powell *v.* Brewer & Brewer.

### *Petition to Probate Judge to raise Dam, &c.*

1. *Taking of property; what constitutes.*—Conferring the right to divert or obstruct the flow of water, in the erection or raising of a dam, and construction of a mill, is authorizing a taking away of private property, as much so as if lands were taken; and under the Constitution, no such right can be exercised, unless the mill is one that grinds for the public, under regulations established by law.

2. *Proceeding to raise dam, &c.*—The jurisdiction conferred by statute on the probate judge to authorize the erection of dams on water courses, is special and limited, and when the proceedings under it are assailed on error, the record must affirmatively show every fact necessary to uphold the jurisdiction.

3. *Same* —It is a fatal defect to proceedings under the statute for the raising and erection of a dam, when questioned on appeal, that the record fails to show that the dam was originally erected under order of the court, or that the mill is to be a public mill as defined by the statute.

APPEAL from Circuit Court of Dale.

Tried before Hon. H. D. CLAYTON.

Appellees being owners of both banks of an unnavigable stream in Dale county, known as "Cotton creek," made application to the probate judge for permission to raise a dam, owned by them, nine feet, for the purpose of supplying water for "a grist mill and cotton gin." The jury, in their inquest, ascertained that certain lands belonging to Bottoms & Powell would be overflowed by the raising of the dam, and assessed the damages at one dollar per acre.

Bottoms & Powell appealed to the circuit court, and judg-

[Bottoms & Powell v. Brewer & Brewer.]

ment adverse to them having been there rendered, they bring the case here by appeal.

It is now assigned for error, that the proceedings fail to show that the dam proposed to be raised is for a water grist mill that grinds for toll, and also that the petition is for raising a dam to supply a "grist mill and cotton gin."

W. C. OATES, for appellant.

W. D. ROBERTS, and J. M. CARMICHAEL, *contra.*

BRICKELL, C. J.—The jurisdiction conferred on the probate judge to authorize the erection of mills and the construction of dams on water courses, is special and limited, wholly of statutory origin. When the proceedings are questioned on error, intendments or inferences to support them are not made, the record must affirmatively show every fact necessary to sustain the jurisdiction.—*Owen v. Jordan,* 27 Ala. 608; *Martin v. Rushton,* 42 Ala. 289. At common law every riparian proprietor may erect a mill on a stream running through his lands. This right he could not exercise so as to affect the equal rights of proprietors above and below him.—*Hendricks v. Johnson,* 6 Port. 472; *Rosser v. Randolph,* 7 Port. 238. Each riparian proprietor has the right to the use of the flow of the water in its natural course, and its obstruction or diversion to the prejudice of any one, affords a cause of action.—*Hendricks v. Johnson, supra.* The statute conferring on the probate judge the jurisdiction exercised in this case, were designed to provide a mode by which the injury different proprietors would sustain from the erection by one, of a mill and dam on a water course running through or along the boundary of his lands, and the means of compensation for it, could be ascertained; and such compensation being paid, to afford protection and immunity from future actions because of the obstruction or diversion. They also authorize, when the lands on each side of the stream are not owned by the proprietor proposing to erect the mill, the condemnation of one acre of land on the opposite side for the abatement of the dam. If it is proposed to raise a dam, erected under authority of the statute, an application to and order of the judge of probate is necessary, and the same course of proceeding pursued as if the application was to erect a new dam. The mills established under these statutory proceedings, are public mills.—R. C. §§ 2481-2508. They are under legislative control, subject to the statutory regulations in reference to the order in which they shall grind grain, and the measure of toll which may be taken.—

R. C. §§ 1293-4. The constitutionality of these statutes, so far as they authorize the taking of private property in the erection of a mill, and the construction of the dam, can be vindicated only on the ground that the mill is public, every citizen having the right, under the regulations prescribed by law, to have his grain ground there.—*Sadler v. Langham,* 34 Ala. 315. Conferring the right to divert or obstruct the flow of water, is a taking away of private property, as well as the taking of land.

The question arises, does it affirmatively appear from this record that the probate judge had the jurisdiction the statute confers? The application is for authority to raise an existing dam, not for authority to erect a new dam. The jurisdiction to authorize the raising of a dam, is dependent on the fact that the dam was originally erected under the order of the court. In reference to this fact the record is entirely silent. The existing dam, consistently with every averment or recital of the record, may have been erected by a riparian proprietor, in the exercise of his common law right, and not under the authority of the probate judge.

The application, and the record is also silent as to the character of the mill. It is not shown that it is in the words of the statute, "a water grist mill that grinds for toll," and consequently a public mill, at which the public have rights. It may have been erected and used, and the proposed raising of the dam intended only for the private individual use, convenience and benefit of the appellees. The probate judge was without jurisdiction under the statute, to make any order, or take the statutory course of proceeding in this cause. We will not now inquire whether the probate judge has any jurisdiction to make an order for the erection of a cotton gin, and if he has not, whether an application asking the privilege of erecting a dam for a grist mill and cotton gin can be entertained.—*Harding v. Goodlett,* 3 Yerg. 41; *Sadler v. Langham, supra.* For the reasons stated the jurisdiction conferred by the statute is not affirmatively shown, and the order and proceedings cannot be supported.

The judgment of the circuit court must be reversed and the cause remanded.