75  491
96  585
97  102

75  491
102  483

75  491
108  155

# McAllilley *et al. v.* Horton *et al.*

*Application for Authority to erect Mill-Dam.*

1.   *Common law writ of certiorari; its functions and office.*—The functions of the common law writ of *certiorari* extend alike to questions touching the jurisdiction of the subordinate tribunal, and the regularity of its proceedings; and by it errors of law, apparent on the face of the record, may be corrected, but, in the absence of statutory authority, conclusions of fact can not be reviewed.

2.   *Same; tried on the record.*—In such case, the trial is not *de novo*, but on the record; and the only matter to be determined is the quashing or the affirmation of the proceedings brought up for review.

3.   *Erection of mill-dams; jurisdiction of probate court.*—The jurisdiction of the probate court touching the erection of dams for mills, etc., being special and limited, the record must affirmatively show a full and substantial compliance with all the requirements of the statute.

4.   *Same; inquest of jury.*—In such case, the inquest of the jury is sufficient if it is clearly responsive to all the matters which the statute requires the jury to investigate; but any finding of the jury which falls short of this requirement, is defective, and will authorize, on motion of any party to the record, the entire proceedings to be vacated or quashed.

5.   *Same; oath to jury.*—Where the recital of the inquest is, that the jury, before proceeding to their investigation, were "first duly sworn and charged by said sheriff as required by law," and the return of the sheriff shows that the jury were sworn and charged by him in the precise language of the statute, this sufficiently shows that the jury were sworn as required by the statute.

6.   *Same; sufficiency of inquest.*—Where the jury, after being charged by the sheriff according to the exact requirements of the statute, find that "no land, above or below the proposed site of the dam, will be damaged more than by the natural overflow of the creek on which the dam is to be built," this is sufficient to negative the idea that either the residences of the owners of such lands, or the outhouses, enclosures, gardens or orchards thereon would be injured by the overflow resulting from the erection of the dam.

APPEAL from Greene Circuit Court.
Tried before Hon. S. H. SPROTT.

The facts are sufficiently stated in the opinion.

Wm. P. Webb, for appellants.

James B. Head, *contra*.

SOMERVILLE, J.—The present appeal is from a judgment of the circuit court quashing a writ of *certiorari*, which had been granted by the judge of that court for the purpose of reviewing the regularity of certain *ad quod damnum* proceedings in the probate court of Greene county. The design of these proceedings was to authorize the erection of a mill-dam under the provisions of the statute, as embraced in sections 3555–3579 of the present Code, of 1876.

The appellants became parties in the mode prescribed by section 3576, which required them to make, for this purpose, an affidavit that they were *interested*, and to give security for the costs.

In the case of the *Town of Camden v. Bloch*, 65 Ala. 236, in discussing the functions of the *common-law* writ of *certiorari*, we observed, that it extended alike to questions touching the *jurisdiction* of the subordinate tribunal, and the *regularity* of its proceedings. "The appropriate office of the writ," we further added, "is to correct errors of *law*, apparent on the face of the record. Conclusions of *fact* can not be reviewed, unless specially authorized by the statute. The trial is not *de novo*, but on the record; and *the only matter to be determined is, the* QUASHING *or the* AFFIRMATION *of the proceedings brought up for review*."

The objection of the appellants is, that the circuit court erred in quashing the writ of *certiorari* itself, instead of quashing the proceedings *ad quod damnum*, which, it is insisted, presented errors of law apparent upon the face of the record.

The jurisdiction conferred on the probate court in matters of this character has often been held to be special and limited, and the rule is well settled that the record must, in all such cases, affirmatively show a full and substantial compliance with all the requirements of the statute. Section 3564 of the Code specifies what particular matters of inquiry are to be investigated by the jury, after they have been sworn and charged by the sheriff, who is required to attend with the jury at the place where the dam is proposed to be erected. All of these several matters of inquiry we need not here reiterate. The record shows that the jury were accurately charged by the sheriff in reference to each of these duties.

We understand it to be settled by the past decisions of this

court, that it is sufficient; so far as concerns *the inquest of the jury,* if it is clearly responsive to all of these matters which the statute requires the jury to investigate. Any finding of the jury, which falls short of this requirement, is defective, and would authorize the entire proceedings to be vacated, or quashed, on motion of any party to the record.—*Martin v. Rushton,* 42 Ala. 289; *Owen v. Jordan,* 27 Ala. 608.

It is contended that the probate court proceedings were defective in failing to show that the jury were sworn "to discharge their duties fairly to the best of their ability," as required by the statute.—Code, § 3564. The recital of the *inquest* is, that the jury, before proceeding to their investigation, were "first *duly sworn and charged* by said sheriff *as required by law.*" In addition to this, the *return* of the sheriff shows that the jury were sworn and charged by him in the precise language prescribed by the statute. This, in our opinion, was sufficient, and the identical question was so decided in *Rushton v. Martin,* 43 Ala. 555.

It is further insisted that the record fails to show that the jury examined "*the land above and below,* belonging to others," which would probably be overflowed or injured, with the view of assessing the damages resulting from the erection of the dam; or to ascertain if "*the residence,*" or "*outhouses, enclosures, gardens, or orchards,*" of the owner of such lands would be overflowed.—Code, § 3564.

The inquest of the jury makes reference to the "charge" given them by the sheriff, which is the only chart of their duties under the law, and the two must obviously be construed together, each constituting a part of the record, and of the *ad quod damnum* proceedings It is certified that the jury met at the place for erecting the dam, specified in the application, "to inquire touching the matters contained in said application," and after having been properly sworn, that "they proceeded and made *the examination and inquiries* in a thorough and impartial and legal manner; and do find that NO LAND, *above or below* the proposed site of said dam, will be damaged more than by the natural overflow of said creek on which the dam is to be built." The charge of the sheriff, as we have said, follows the exact requirements of the statute in every particular. It is sufficiently apparent that the examination made by the jury was the one enjoined upon them by the sheriff, especially in view of the averment of the inquest that "*no land,* above or below" the proposed site of the dam will be damaged more than to a certain extent designated. This is broad enough to negative the idea that either the residence of the owner of such lands, or the outhouses, enclosures, gardens, or orchards, would be injured by overflow. These appurtenances were all

[Beadle v. Davidson and Wife.]

parts of the realty, and are included in the designation of *land*, which is *nomen generalissimum*. If the erection of the dam created no artificial overflow on any lands, above or below, no damage could result to any appurtenances of the soil.

We construe the inquest to assert that the erection proposed will not produce any artificial overflow, and that the only damage likely to accrue is that produced by the " natural overflow" of the creek—by which we understand the overflow which was accustomed to happen in the due course of nature, unaffected by any artificial influences.

We have reached these conclusions without any reference to the amended return of the sheriff, or second inquest of the jury, which it is needless that we should notice.

The judgment of the circuit court quashing the writ is free from error, and is affirmed.