[Civ. No. 1878.    Second Appellate District.—October 9, 1917.]

CALIFORNIA SAVINGS AND COMMERCIAL BANK, Respondent, v. J. C. D. CANNE, Executor, etc., Appellant.

APPEAL—ALTERNATIVE METHOD—PRINTING OF RECORD IN BRIEF.—On an appeal taken under the alternative method, it is required that the appellant print enough of the record in his brief to illustrate the points made and to enable the court to determine those points.

ID.—RULE AS TO PRINTING OF RECORD.—Where an appeal is taken under the alternative method, it is impossible to lay down any rule as to just exactly what must be printed in the brief, since it depends upon the circumstances of the case; and it is not in every case in which it is claimed that the evidence is insufficient to support the finding, or is irrelevant to the issues, that it is necessary to print the entire complaint and answer, as in many cases only a single allegation is involved in the appeal.

APPEAL from a judgment of the Superior Court of Los Angeles County.    Curtis D. Wilbur, Judge.

The facts are stated in the opinion of the court.

Tanner, Odell, Odell & Taft, for Appellant.

A. W. Ashburn, for Respondent.

THE COURT.—In this case we cannot find sufficient in the printed extracts from the record, as contained in appellant's brief, to warrant our ordering other than an affirmance of the judgment. The judgment-roll is not printed in the brief, which leaves us without information presented in the way required by the law, as to the issues. Without this information, we cannot determine questions of the relevancy of the testimony offered, refused, or received, or the matter of the correctness of instructions given or withheld from the jury. While the alternative method of appeal permits parties to file typewritten transcripts in lieu of printed judgment-rolls and bills of exception, such permission casts no burden upon the appellate courts to examine the typewritten documents in deciding the appeal. The statute expressly provides in such cases that: "In filing briefs on said appeal the parties must, however, print in their briefs, or in a supplement appended thereto, such portions of the record as they desire to call to the attention of the court." (Code Civ. Proc., sec. 953c.) Both the supreme court and this court have repeatedly pointed to the provision of the statute in this regard. (*Marcucci* v. *Vowinckel,* 164 Cal. 693, [130 Pac. 430] ; *Wills* v. *Woolner,* 21 Cal. App. 528, [132 Pac. 283] ; *Miller* v. *Oliver,* 174 Cal. 407, [163 Pac. 357] ; *Pasadena Realty Co.* v. *Clune, ante,* p. 33, [166 Pac. 1025] ; *McKinnell* v. *Hansen, ante,* p. 76, [167 Pac. 887].) When it is required that the parties shall print in their briefs such portions of the record as they desire to call to the attention of the appellate court, the law means that they shall print enough of such record to illustrate their points. In order to show the issues involved, it would ordinarily be required that the complaint and answer at least be set out in full ; the better practice would require the printing of the entire judgment-roll and including the notice of appeal. Where it is claimed that the evidence is insufficient to support the issues, or irrelevant to the issues, the printing of the complaint and answer cannot be dispensed with.

The judgment is affirmed.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 6, 1917, and the following opinion then rendered thereon:

THE COURT.—The petition for a hearing in this court, after decision by the district court of appeal of the second appellate district, is denied.

In denying this petition we deem it proper to say:

This is a case in which, under our Constitution, the appeal was properly taken to the district court of appeal, and the application for a hearing in this court is to be determined in accord with the rule declared in such cases as *Burke* v. *Maze,* 10 Cal. App. 211, [101 Pac. 438, 440], and *Rauer's Law etc. Co.* v. *Berthiaume,* 21 Cal. App. 675, [132 Pac. 596, 833]. We read the district court of appeal opinion as being simply to the effect that in this particular case there was not enough of the record printed in the appellant's brief to enable the court to determine what the issues in the case were, and that without such information they were unable to determine the questions raised as to the relevancy of testimony, and as to the propriety of instructions given or refused. The law requires, as said by the court, that enough must be printed to illustrate the points made and to enable the court to determine those points. Just exactly what must be printed in any particular case in order to comply with this requirement necessarily depends upon the circumstances of the case, and we cannot give our assent to the proposition at the end of the opinion to the effect that in every case in which it is claimed that the evidence is insufficient to support the finding, or is irrelevant to the issues, "the printing of the complaint and answer cannot be dispensed with." In some cases this may be true, and we must assume, in view of what is said in the district court of appeal opinion, that this is such a case. In many cases the only point urged in support of the appeal involves but a single allegation of the complaint or answer, and the printing of anything more than a statement of the substance of the other allegations thereof could give no assistance to the court. In many cases respondent does not dispute the statement of the appellant as to the facts involved in the points urged. The judgment-roll is frequently of extraordinary length, sometimes extending to hundreds of pages, and to print it all, where the points involve only a small portion thereof, would benefit no one. It is impossible to lay down any rule for the government of attorneys in deciding what to print in their briefs where the record is prepared under section 953a of the

Code of Civil Procedure. If it is understood that enough should be printed to illustrate the points presented, the good sense of attorneys should be sufficient to inform them on the subject.