[Civ. No. 1842.   Second Appellate District.—November 21, 1918.]

# DAVID SHORR, Respondent, v. CITY OF AZUSA (a Municipal Corporation), et al., Appellants.

MUNICIPAL CORPORATIONS—PEDDLER'S LICENSE—REVOCATION — NOTICE. Where a city ordinance provides that no licenses may be revoked without giving the holder an opportunity to be heard by the board of trustees after notice in writing fixing the time and place of hearing, but does not prescribe the time when such notice shall be given, the law prescribes a reasonable time, and a notice given to immediately appear upon service of the notice to show cause why the license should not be revoked was not insufficient where the licensee appeared and made no objection to the holding of the hearing at that time or request for a continuance.

ID.—SUFFICIENCY OF SERVICE OF NOTICE.—In such case, where the licensee had full actual notice of the hearing, it was immaterial whether a copy of the notice was left with him.

FALSE IMPRISONMENT—PEDDLING AFTER REVOCATION OF LICENSE—EVIDENCE.—In an action for false imprisonment of a peddler arrested for peddling after revocation of license, the evidence is held to show good faith on the part of the trustees in revoking the license for unfitness of the licensee.

ID.—EVIDENCE — PRESUMPTION — REGULARITY OF OFFICIAL ACTION.—In such action courts will presume that the discretion of the board of trustees of the municipality was properly exercised in revoking the license, in the absence of evidence to the contrary.

APPEAL — ALTERNATIVE METHOD —BRIEFS — OMISSION OF EVIDENCE.— Where an appeal is taken under the alternative method, the appellate court will not search the transcript to find evidence which the parties have omitted to print in their briefs in disregard of section 953c of the Code of Civil Procedure.

APPEAL from a judgment of the Superior Court of Los Angeles County.   John M. York, Judge.

The facts are stated in the opinion of the court.

F. M. Steele, for Appellants.

Baird & Gerecht, for Respondent.

MYERS, J., *pro tem.*—The defendants Roach and Granville appeal from a judgment against them in the court below

for damages in an action for false imprisonment. They were, respectively, president of the board of trustees and city marshal of the city of Azusa. On the twenty-fifth day of October, 1912, the plaintiff was the holder of a license, regularly issued, entitling him to engage in the business of peddling novelties within said city for a period of one month, from October 15th to November 15th of that year. On said twenty-fifth day of October a special meeting of the board of trustees of said city was duly called and regularly held, at which all members of the board were present, as was also the respondent, the holder of said license. At said meeting, after a hearing upon the question whether or not said license should be revoked, it was moved, seconded, and carried by unanimous vote of all the trustees that the same be revoked. Thereupon the respondent returned to the streets and resumed his business of peddling novelties; whereupon he was arrested by appellant Granville, pursuant to instructions from appellant Roach. He was imprisoned in the city jail overnight, after which he was either discharged or released. Apparently the arrest was made without a warrant. The foregoing facts are disclosed by the portions of the record which are printed in the briefs here.

But one question is presented on this appeal, namely: Did the action of the board of trustees above referred to have the legal effect of revoking respondent's license? If it did, then respondent, in engaging in the business of peddling thereafter, was guilty of a misdemeanor in the presence of the arresting officer and the arrest and imprisonment were, therefore, lawful. On the other hand, if said action of the board of trustees was void, then respondent was still a licensee, and was guilty of no violation of law in continuing his business, from which it follows that the arrest, having been made without a warrant, was unlawful.

The license in question was issued pursuant to an ordinance of said city which provides that all licenses issued thereunder "are granted and accepted by all parties receiving licenses with the express understanding that the Board of Trustees of the City of Azusa, may revoke same at any time, . . . if satisfied that . . . the holder of any such license is an unfit person to be trusted with the privilege granted by such license; provided, however, that no license shall be revoked without first giving the holder thereof an opportunity to appear before

the Board of Trustees in his own behalf by the notification in writing to the holder of such license giving and fixing the time and place of such hearing." No question as to the validity of this ordinance is here raised.

Respondent contends that the notice to him of the meeting of the trustees was insufficient, with respect both to the time and the manner of service thereof, to give the trustees jurisdiction to revoke the license, and both parties agree that the trial court so held. The notice was in writing, the material portions thereof being as follows:

"City of Azusa,

"Los Angeles County, California.

"Azusa, Cal., Oct. 25th, 1912.

"Shorr *Bors.*

"Gentlemen: You are hereby notified to appear before the board of trustees of the city of Azusa immediately upon service of this notice to show why your license shall not be revoked.

"I. D. ROACH,

"President of the Board of Trustees of the City of Azusa."

It was given to the marshal for service, and he testifies that he found respondent in the company of his brother, who was engaged with him in peddling under the license in question. He further testifies: "I gave the citation to one of the Shorr brothers and he said he couldn't read it and gave it back, and then I read it to them and explained that they was wanted up there before the meeting; and they readily agreed to go down with me. . . . In reading the words 'Shorr Bors.' I read them 'Shorr Brothers.'" This was only a few minutes prior to the time of holding the meeting.

The ordinance does not prescribe the time when such notice shall be given, and in such case the law prescribes a reasonable time. What constitutes a reasonable time is to be determined in each case with reference to the circumstances of that case and the purposes to be subserved and the object to be accomplished by the notice. Here it appears that the purpose of the notice was to give respondent an opportunity to appear before the board and show cause why his license should not be revoked. This purpose was fully accomplished. Respondent did appear before the meeting and was there in-

formed of the nature of the accusations against him and was given an opportunity to reply thereto. He made no objection to the holding of the hearing at that time and no request for a continuance. It is nowhere intimated or claimed that if he had been given further time he could have presented any other or better reason for the retention of his license than that presented in his behalf by his brother at that meeting.

The case of *Burden* v. *Stein*, 25 Ala. 455, cited by respondent, is in point here. That case involved a hearing before a jury to determine the amount of damages which would accrue to Burden from the diversion of the waters of a creek. The notice was not served on him until the day of the hearing. On this point the supreme court said (page 458) : "If he had desired further time, or the notice given him was too short, to enable him to prepare for the protection of his interest, he should have made that the specific ground of his objection. The statute does not fix the length of time which must intervene between the notice and the view; this must, therefore, be construed to be a reasonable time; and what is reasonable depends upon the situation of the parties and the nature of the thing to be performed. It is not made affirmatively to appear that the time allowed in this case was unreasonable, and the maxim applies, 'what does not appear does not exist.' "

What is here said applies equally to respondent's objection that a copy of the notice was not delivered to and left with the respondent. Whether or not service in the manner testified to was a technical compliance with the requirements of the law, it none the less fully served the purpose for which it was designed. As was said by the supreme court of this state in *McLeran* v. *Shartzer*, 5 Cal. 70, [63 Am. Dec. 84], "where the object of notice was accomplished, it is immaterial whether there was notice or not."

The board of trustees had jurisdiction to consider and determine the question of the revocation of respondent's license. If it acted honestly after a hearing in good faith on the merits of the question, its action was valid and could not be set aside or disregarded by the courts. What occurred at that meeting appears from the testimony of Roach, printed in appellant's brief, as follows: "After the meeting was called to order and the notice for which the meeting was called was read, I asked if Sam Shorr and Dave Shorr were present, and Mr. Granville said, 'Yes,' and the boys stood up, and I asked

which one was Sam Shorr and which was Dave Shorr; and then I told them both—I said, 'Shorr brothers, you have been accused by the people of Azusa to-day of loud and boisterous conduct, unbecoming a gentleman, and of using vile language in the presence of women and children'; . . . that they had, according to the reports which had been brought to me, used vile language in the presence of women and children, and had provoked fights, and had been disturbing other people who were attempting to do a peaceable business alongside of them; and I asked them if there was any reason that they had to give us why their license should not be revoked, and they should cease from peddling; and the larger one made quite a lengthy statement. He said he had come to Azusa at some little expense, and that he had some pennants left, and that if he wasn't allowed to sell them, that he should lose what he had already invested in them; and that if there were other people that were allowed to peddle on the streets, he didn't see why he couldn't. Then, after he had—he repeated that two or three times in the course of his address to the board; and after that I asked Dave Shorr if he had anything to say, why his license should not be revoked, and he shook his head; and then I called upon Mr. Granville, the city marshal, and asked him if he had anything to say to the board in regard to the conduct of these boys during the day in the city of Azusa, and he got up and made a statement, that they had been a source of continual disturbance to the police force of Azusa during the whole day; that they had been annoying people who were engaged in matters not kindred to them—that they had provoked fights and used indecent language in the presence of women and children.''

This testimony appears to be wholly uncontradicted and it warrants but one conclusion, namely: That the trustees acted in good faith after a hearing on the merits of the question, at which sufficient grounds were shown for the revocation of the license, and that their action in this respect was valid.

Respondent asserts in his brief that the evidence shows that the trustees had given the exclusive right to peddle novelties to another person, overlooking the fact that the license in question had already been given to the respondent, and he argues from this that the action of the board revoking his license was in bad faith and for an improper purpose. He prints in his brief no evidence whatever in support of this assertion. This

is an appeal under the "alternative method," and this court has repeatedly held that it will not search through the typewritten transcript in the effort to find evidence which the parties have omitted to print in their briefs in disregard of the express mandate of the statute. (Code Civ. Proc., sec. 953c. See *California Sav. & Com. Bank* v. *Canne*, 34 Cal. App. 768, [169 Pac. 395], and cases there cited.)

So far as appears from the record presented to, us in the manner prescribed by law, there is neither allegation nor evidence of any fraud or bad faith or ulterior motive or arbitrary action on the part of the board of trustees, and we must, therefore, conclude that their action revoking respondent's license was valid. As was said by this court in *Goylino* v. *McAleer*, 4 Cal. App. 655, at page 659, [88 Pac. 991, 992], "a court will not interfere with the discretion reposed in a proper board or tribunal, but will assume that official duty has been properly and lawfully performed, in the absence of positive proof to the contrary."

The judgment appealed from is, therefore, reversed.

Conrey, P. J., and James, J., concurred.