[Civ. No. 2584. Second Appellate District.—November 21, 1918.]

## ELIZABETH A. PRETTY, Respondent, v. JULIA P. WARDEN et al., Appellants.

PARK AND PLAYGROUND ACT—SALE FOR DELINQUENT ASSESSMENT—
NOTICE OF INTENTION TO APPLY FOR DEED.—Under section 24 of the
Park and Playground Act of 1909 (Stats. 1909, p. 1066), which re-
quires the purchaser of property at a sale for a delinquent assess-
ment, thirty days before applying for a deed, to serve a written
notice of his intention upon the owner and upon the occupant of the
property, and also to file an affidavit with the board of public works
that such notice has been given, or if not served upon the owner
personally, that due diligence was used to find the owner, proof of
service of notice on one whose only relation to the owner was that
of a tenant does not show personal service on the owner, nor due
diligence or any diligence to accomplish such service.

ID.—TAX PROCEEDINGS—RULE OF STRICT COMPLIANCE.—Proceedings cal-
culated to deprive an owner of his property under the taxing power
are *in invitum* and all the requirements of the statute respecting the
same must be strictly complied with.

APPEAL from a judgment of the Superior Court of Los
Angeles County. Curtis D. Wilbur, Judge.

The facts are stated in the opinion of the court.

J. Irving McKenna and Catherine A. McKenna, for Appellants.

James M. O'Brien and Luther P. Spalding, for Respondent.

MYERS, J., *pro tem.*—Defendants appeal from a judgment against them quieting plaintiff's title to certain property in the city of Los Angeles as against the claim of defendants under a deed issued by the board of public works of said city to defendant Julia P. Warden after a failure of the plaintiff to redeem from the lien of a delinquent assessment previously levied against said property for public park purposes.

Appellants concede that the title is in the plaintiff, except as it may have been divested by the deed above mentioned and which was issued pursuant to proceedings had under the Park and Playground Act of 1909. (Stats. 1909, p. 1066.) Section 24 of this act provides that the purchaser must, at least thirty days before he applies for a deed, serve upon the owner of the property, *and* upon the occupant thereof, if occupied, a written notice of his intention to apply for a deed, *and* must also file with the board of public works an affidavit or affidavits showing that such notice has been given as required; or, if the notice was not served upon the owner personally, that due diligence was used to find said owner. The affidavit of service here in question, so far as it is here material, is to the effect that affiant, as agent for the purchaser, served such notice ''by delivering a true copy of the attached notice to redeem to Mrs. Charles Greenburg, the occupant of said property and the agent of the owner of said property.'' It is manifest that here was no showing of personal service upon the owner, or of due or any diligence to accomplish such service.

Appellants argue that the evidence establishes the fact that Mrs. Greenburg, the occupant of the property, was also the duly authorized agent of the owner of the property, and that therefore the service of notice upon such duly authorized agent was a substantial compliance with the requirements of the statute, or was at the least sufficient evidence of due diligence in the effort to serve such owner. This appeal is taken under the

so-called alternative method, typewritten transcripts being filed. The appellants have wholly failed to print in their brief any of the testimony to which they refer, in violation of the express mandate of section 953c of the Code of Civil Procedure. This court cannot be expected to search through typewritten transcripts for evidence which the litigants have neglected to present, in the manner prescribed by law, for its consideration. (*California Sav. & Com. Bank* v. *Canne,* 34 Cal. App. 768, [169 Pac. 395], and cases there cited.) However, appellants do print in their brief what they assert to be the substance of the testimony on these points, and from their statement of this testimony it clearly appears that Mrs. Greenburg, on whom the notice in question was served, was not the agent of the owner of the property and sustained no relationship toward said owner other than that of landlord and tenant. It is, therefore, unnecessary to consider here the question whether or not service upon the duly authorized agent of the owner would be a sufficient compliance with the requirements of said statute.

It is elementary that proceedings calculated to deprive an owner of his property under the taxing power are *in invitum,* and that all the requirements of the statute respecting the same must be strictly complied with. Here the appellants wholly failed to comply with the express requirement of the statute for service of notice upon the owner of the property, and failed to use due diligence or any diligence in the effort so to do. There is no merit in this appeal.

An examination of the record here, as presented by appellant, constrains us to the conclusion that this is a frivolous appeal taken solely for the purpose of delay. It has resulted in unjustly clouding the title to plaintiff's property for a period of three and one-half years. The judgment appealed from is affirmed, with an award of $50 damages to the respondent.

Conrey, P. J., and James, J., concurred.