[S. F. No. 12035. In Bank.—October 4, 1926.]

## JOSEPH V. PERELLI-MINETTI et al., Appellants, v. W. H. LAWSON et al., Respondents.

[1] APPEAL—BRIEFS—POWER OF COURT.—Section 953c of the Code of Civil Procedure expressly authorizes the appellate court, upon good cause being shown, to permit the filing of supplemental briefs; and the provisions of said section are satisfied when the briefs and the supplements thereto, taken together, present for consideration sufficient of the record to enable the appellate tribunal to pass upon the merits of the appeal.

[2] ID.—MOTION TO AFFIRM JUDGMENT—TIME.—A motion to affirm the judgment on the ground that appellant's opening brief does not contain any part of the record sufficient to justify a reversal or present any issues on appeal, is not necessarily to be determined by the facts as they existed at the time the notice of motion was given; and authorized supplementary briefs will be considered on the motion, even though filed subsequent to the notice of motion.

[3] ID.—CONTENTS OF BRIEFS.—The necessary contents of briefs depend upon the peculiar circumstances of the particular appeal, but enough of the record should be included to illustrate the point presented.

[4] ID.—POINTING OUT ERROR.—The rule requiring an appellant to point out errors relied upon is not a hard-and-fast one.

(1) 3 C. J., p. 1408, n. 18.   (2) 3 C. J., p. 1435, n. 49.   (3) 3 C. J., p. 1409, n. 30.   (4) 3 C. J., p. 1409, n. 31.

MOTION to affirm judgment. Denied.

The facts are stated in the opinion of the court.

W. F. Cowan, Edwin V. McKenzie and Harry A. McKenzie for Appellants.

Haven, Athearn, Chandler & Farmer for Respondents.

1. See 2 Cal. Jur. 648.
3. See 2 Cal. Jur. 650.
4. See 2 Cal. Jur. 729.

THE COURT.—Motion to affirm judgment. Respondent
W. H. Lawson moves to affirm the judgment appealed from
on the ground that the appellants have failed to print or
set forth in their brief, or any supplement thereto, in ac-
cordance with the provisions of section 953c of the Code of
Civil Procedure, any part of the record sufficient to justify
a reversal or present any issues on appeal. The appeal was
taken by the alternative method and the transcript, under
the provisions of section 953a, Code of Civil Procedure, con-
sists of a copy of the judgment-roll and notice of appeal, a
reporter's transcript of the evidence and proceedings at the
trial, and a volume containing copies of the various exhibits
introduced at the trial.

The opening brief of appellants was filed on June 3, 1926.
On June 10, 1926, respondent W. H. Lawson filed his motion
to affirm the judgment on the above-mentioned ground,
After leave first obtained from this court, the appellants,
on June 21, 1926, filed their first supplemental brief. On
June 28, 1926, the appellants filed their second supplemental
brief with permission of the court.

If respondent's contention that he is entitled to have his
motion to affirm "considered in the light of the state of the
record at the time the motion was filed" be meritorius it will
be necessary to examine but the opening brief of appellants,
to the exclusion of their two supplemental briefs, for the
motion was filed immediately following the presentation to
this court of appellants' opening brief. However, should
said contention be found without merit the court will be
called upon to examine all of appellants' briefs on file
herein to determine whether they satisfy the provisions of
section 953c, Code of Civil Procedure. We will, therefore,
take up this contention preliminarily in order to determine
which briefs of appellants should be examined by the court
in passing upon respondent's motion.

Section 953c of the Code of Civil Procedure provides in
part: " . . . In filing briefs in said appeal the parties must,
however, print in their briefs, or in a supplement appended
thereto, such portions of the record as they desire to call to
the attention of the court.

"Extension of time for filing briefs. The court may in
all cases, upon good cause shown, extend time to a party to

print and file his brief, provided that the application is made before calling of the calendar for oral argument on the appeal or upon good cause being shown the court may extend time to a party to print and file a supplemental brief.''

[1] It is apparent from a reading of this section of the code that its provisions are adequately complied with if the required portions of the record are printed in either the opening brief or in a supplement thereto or in both. In other words, said code section does not require that any *one* brief contain the requisite portions of the record but, on the contrary, it is expressly provided that such portions of the record may be printed in the brief ''or in a supplement thereto.'' That is to say, the provisions of section 953c, Code of Civil Procedure, are satisfied when the briefs and the supplements thereto present for consideration sufficient of the record to enable the appellate tribunal to pass upon the merits of the appeal. And, the final paragraph of the section expressly authorizes the appellate court upon good cause being shown to permit the filing of supplemental briefs. In view of the foregoing, and in the absence of direct authority upon the point, we are inclined to hold, and do so hold, that in determining whether the provisions of section 953c, Code of Civil Procedure, have been complied with by a party the appellate court may examine not alone the brief or briefs of said party but in addition thereto all supplemental briefs filed with the permission of court. We conclude, therefore, that in considering the sufficiency of appellants' briefs in the instant case, under section 953c, Code of Civil Procedure, it will be proper for us to examine not alone their opening brief but also their two supplemental briefs filed with the permission of this court. We find nothing in the authorities cited by respondent opposed to this conclusion. Those authorities merely hold that a motion to dismiss an appeal is to be determined ''by the facts as they existed at the time the notice of motion was given'' and that the subsequent and tardy filing of points and authorities will not work to the prejudice of said motion to dismiss. The conclusion reached in those cases was directed by Rule V of this court, which expressly provides for the dismissal of appeals where appellants fail to file their points and authorities within the time prescribed. [2] As already indicated, however, a motion to affirm the judgment is not

necessarily to be determined "by the facts as they existed at the time the notice of motion was given" for section 953c, Code of Civil Procedure, declares that its provisions are complied with when the brief or supplements thereto contain the required portions of the record and this, apparently, even though the supplements may have been filed, as in the instant case, subsequent to the notice of motion to affirm. We will, therefore, examine the appellants' opening brief and the two supplements thereto to ascertain whether, when considered together, they satisfy the provisions of section 953c, Code of Civil Procedure.

Appellants' opening brief contains the following: A concise statement of the allegations contained in the complaint; a brief survey of the denials and allegations of the answer thereto; a discussion of the asserted "primary" and "secondary" contentions; a statement purporting to set forth the facts; a discussion of the law asserted to be applicable; a citation of and quotations from innumerable authorities touching upon the law asserted to be involved; an enumeration and discussion of several contentions; a copy of the first opinion of the trial court which was, however, not its final disposition in the matter; an appendix containing a statement of certain of the pleadings, stipulations and testimony.

The first supplemental brief of appellants contains: The findings of fact and conclusions of law, the judgment and the notice of appeal.

Appellants' second supplemental brief consists of the following: An attack on several of the findings of fact, which are quoted, upon the ground of the insufficiency of the evidence to sustain said findings; an attack on several quoted conclusions of law; an assertion that the trial court erred in receiving certain quoted evidence, and a repetition of certain of appellants' contentions.

[3]   That the necessary contents of the briefs depends upon the peculiar circumstances of the particular appeal was recognized by this court in *California Savings and Commercial Bank* v. *Canne*, 34 Cal. App. 768, 770 [169 Pac. 395, 396]; when, in denying a petition for hearing herein, it was declared: "Just exactly what must be printed in any particular case in order to comply with this requirement [sec. 953c, C. C. P.] necessarily depends upon the circumstances of the case. . . . It is impossible to lay down any rule for

199 Cal.—29

the government of attorneys in deciding what to print in their briefs where the record is prepared under section 953a of the Code of Civil Procedure. If it is understood that enough should be printed to illustrate the points presented, the good sense of attorneys should be sufficient to inform them on the subject.''

We are of the opinion that appellants' briefs might have more fully quoted from the reporter's transcript to illustrate the asserted insufficiency of the evidence to sustain the findings complained of. But, on the whole, we are satisfied that said briefs contain sufficient ''to illustrate the points made and to enable the court to determine those points.'' (*California Savings and Commercial Bank* v. *Canne, supra.*) As stated in 2 Cal. Jur. 729, sec. 420, **[4]** ''The rule requiring an appellant to point out errors relied upon is not a hard-and-fast one.'' In the instant case, as indicated by the above statement of the contents of their briefs, the appellants have evidently in good faith attempted to comply with the provisions of section 953c, Code of Civil Procedure, and print in their briefs all portions of the record essential to the appeal, and we are of the opinion, therefore, that the merits of said appeal should be considered by the court at the proper time. (*Estate of Berry,* 195 Cal. 354, 359 [233 Pac. 330].)

The motion to affirm the judgment appealed from is denied.