[Civ. No. 2614.    Second Appellate District, Division One.—December 10, 1918.]

A. R. McLAREN, Appellant, v. J. FRED HARDS et al., Respondents.

APPEAL—INSUFFICIENT RECORD.—Where an appeal taken under the alternative method from a judgment and order denying a new trial is predicated upon claimed insufficiency of the evidence to support certain findings, and neither the findings nor any part thereof, nor any portion of the pleadings framing issues to which such findings would be responsive, is printed in the appellant's brief, there is no record presented in the manner prescribed by law upon which the merits of the appeal can be considered.

ID.—PRINTING OF RECORD IN BRIEFS.—Where an appeal is taken under the alternative method the parties must print in their briefs, or in a supplement appended thereto, such portions of the record as they desire to call to the attention of the court.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Gavin W. Craig, Judge. Affirmed.

The facts are stated in the opinion of the court.

Joseph W. Mowell for Appellant.

Charles L. Evans for Respondents.

MYERS, J., *pro tem.*—Plaintiff appeals from a judgment in favor of defendants and from an order denying his motion for a new trial.

Appellant informs us in his brief that this was a creditor's suit under sections 3439, 3441, and 3442 of the Civil Code to avoid and set aside alleged voluntary and fraudulent conveyances from defendant J. Fred Hards to a Mrs. Slatter, and from the latter to defendant Beatrice E. Hards, wife of the first-named defendant. From statements in his brief we gather that appellant predicates his appeal upon claimed insufficiency of the evidence to support certain findings of the court below. The record comes to us under the "alternative method" in typewritten transcripts. Neither the findings nor any part thereof is printed in appellant's brief; nor is there

printed any portion of the pleadings framing issues to which such findings would be responsive.

The reporter's transcript covers 133 typewritten pages. The only portion thereof printed in the brief is the following:

"Hards testified on direct examination as follows: Q. What was the consideration of the transfer [to Mrs. Slatter]? A. There was none.   Q. What was the property conveyed from Mrs. Slatter to Mrs. Beatrice E. Hards for?   What was the consideration for that?   A. There was no consideration. Q. Well, now, by no consideration, do you mean what? A. *No monetary consideration.*   (Rep. Tr., p. 66, l. 8,)''  Mrs. Hards, on cross-examination, testified as follows: "Q. Did Mrs. Slatter pay you or Mr. Hards anything for that property? A. No, sir.   Q. Did you pay her anything for the deed to the San Pedro lot?   A. No, sir.   (Rep. Tr., p.. 99, l. 14.) ''

It is apparent that there is nothing here which is necessarily inconsistent with a finding in favor of the defendants upon the question of a valuable consideration, if such an issue was framed and such finding made.

The law with respect to appeals under this method expressly requires that "in filing briefs on said appeal the parties must, however, print in their briefs, or in a supplement appended thereto, such portions of the record as they desire to call to the attention of the court." (Code Civ. Proc., sec. 953c.) This court and the supreme court have frequently pointed out that they cannot be expected to and will not search through typewritten transcripts for matter which parties have neglected to print in their briefs, as this section requires them to do.  (See *California Savings Bank* v. *Canne,* 34 Cal. App. 768, 770, [169 Pac. 395], and cases there cited.)  "The law requires that enough must be printed to illustrate the points made and to enable the court to determine those points." The appellant here has wholly failed to comply with that requirement of the law.

It seems that the legislature in providing for the so-called "alternative method" of appeal contemplated that the parties should print in their briefs (or in a supplement thereto) so much of the record as under the old method would have been embodied in a bill of exceptions, one difference being that under the new method respondent's amendments to such "bill of exceptions" are not presented until he files his brief.   It follows from this that, if appellant fails to present a record

which would justify a reversal of the judgment or order appealed from, respondent is not called upon to supplement it by additions thereto, but may stand upon the record so presented, which is apparently what respondent in this case has elected to do.

For this court to depart from its rule of conduct, as indicated in the case above referred to and in many others which might be cited, would be in effect to repeal the code provision above quoted.

There is no record here presented in the manner prescribed by law upon which this court can consider the merits of this appeal.

The judgment and order appealed from are affirmed.

Conrey, P. J., and James, J., concurred.