[Civ. No. 2040.   Second Appellate District, Division Two.—February 21, 1919.]

JUSTIN HAMMOND et al., Respondents, v. E. L. HAZARD et al., Appellants.

[1] APPEAL—DENIAL OF NEW TRIAL—CODE AMENDMENT—DISMISSAL OF APPEAL.—An attempted appeal from an order denying a motion for new trial, taken after the amendment of 1915 to section 963 of the Code of Civil Procedure, must be dismissed.

[2] NEGLIGENCE—AUTOMOBILE COLLISION—ACTION FOR PERSONAL IN-JURIES—VERDICT FOR PLAINTIFFS SUSTAINED BY EVIDENCE.—In this

action by husband and wife against two defendants for personal injuries sustained by the wife in an automobile collision, the evidence from the typewritten transcript, so far as printed in the briefs, is found sufficient to support the verdict of the jury in favor of the plaintiffs against both defendants.

[3] ID.—IMPLIED FINDINGS—OWNERSHIP OF CAR AND AGENCY OF DRIVER. In such case the evidence was also sufficient to sustain the implied finding that the female defendant who occupied the car with the driver was the owner of the car, and the driver was her agent.

[4] ID.—EVIDENCE OF OWNERSHIP—CONDUCT—ADMISSIONS.—The conduct of the female defendant in busying herself with the names of witnesses and making statements referring to the car as "my car" etc., and stating that she would "settle all damages," together with the fact, admitted on the trial, that the car was registered under her name, was amply sufficient to justify the jury in disbelieving the direct evidence of both defendants that she was not the owner of the car.

[5] ID.—REGISTRATION UNDER MOTOR VEHICLE ACT.—The Motor Vehicle Act (Stats. 1913, p. 641, secs. 3, 4), requiring the owner of every automobile to cause an application for registration to be filed in the name of the owner, warrants a finding that the person in whose name an automobile is registered is in fact the rightful owner.

[6] APPEAL—ALTERNATIVE METHOD—DUTY OF APPELLATE COURT AS TO EXAMINATION OF THE TYPEWRITTEN DOCUMENTS.—The alternative method of appeal, though permitting the filing of a typewritten transcript, casts no burden upon appellate courts to examine the typewritten documents.

[7] ID.—VARIANCE—INSUFFICIENT RECORD—QUESTION NOT DETERMINED. On this appeal taken under the alternative method, the appellants claiming a variance between the complaint which alleged "willfulness" and the proof which appellants claim was of "negligence," and the appellants having failed to print in their briefs a sufficient record, it cannot be determined whether the evidence fell short of establishing willfulness on the part of appellants.

[8] NEGLIGENCE — AUTOMOBILE ACCIDENT — PERSONAL INJURIES — OWNERSHIP OF CAR—EVIDENCE—OBJECTION PROPERLY OVERRULED. In this action for damages for injuries sustained in an automobile collision there was no error in overruling an objection to a question to a witness, who, being asked if at the time of the collision he heard the female defendant make any statement with reference to the accident, answered that she said: "My car is hurt just as much as the other car," since it was for the jury to say on a consideration of all the evidence whether in using the words "my car" she referred to the matter of ownership, or was simply making a comparison of the damage to the respective cars.

APPEAL from a judgment of the Superior Court of Imperial County.   Franklin J. Cole, Judge.   Affirmed.

The facts are stated in the opinion of the court.

G. R. Freeman for Appellants.

E. R. Simon for Respondents.

FINLAYSON, P. J.—This is an action for personal injuries to the plaintiff Adel Hammond, caused by a collision of the automobile that defendant Hazard was driving—alleged to be the property of the defendant Cronkhite—with the automobile that plaintiff Justin Hammond was driving, and in which his wife, Adel Hammond, was riding with him.

While plaintiffs, in the automobile in which they were riding, were ascending a narrow mountain road between San Diego and El Centro, in Imperial County, on November 5, 1914, the automobile that the defendant Hazard was driving—on the front seat of which Mrs. Cronkhite sat—collided, at a curve in the road, with the automobile in which plaintiffs were riding, breaking Mrs. Hammond's arm and causing her serious injuries.   The trial, which was before a jury, resulted in a verdict in favor of plaintiffs against both defendants.   From the judgment and an order denying their motion for new trial defendants appeal.

[1]   Notice of the attempted appeal from the order denying defendants' motion for a new trial having been filed after the amendment of 1915 to section 963 of the Code of Civil Procedure, the appeal attempted to be taken from that order must be dismissed.

It is alleged in the complaint that the automobile in which defendants were riding was the property of defendant Cronkhite and that defendant Hazard was operating it at the time of the accident with her consent and as her agent.   Upon this allegation the answer joined issue, and the principal point urged on the appeal is that the evidence is insufficient to justify a verdict against Mrs. Cronkhite for the reason that, so it is argued, the evidence is insufficient to justify the jury's implied finding that she owned the automobile that Hazard was driving and that the latter was operating it as her agent.

Both defendants testified that the automobile was not the property of Mrs. Cronkhite. Defendant Hazard testified that about June 28, 1913, it was purchased from or through the Crown Garage & Machine Works by one Stansbury, upon whose ranch he was working as foreman; that on the day of the alleged sale to Stansbury, Mrs. Cronkhite gave to the Crown Garage & Machine Works her personal check for $575, and that when she gave this check he said to her: "This is your car until I give you back your money."

[2] Though the record is somewhat voluminous, the facts presently to be referred to, together with those already mentioned, constitute the substance of all the evidence printed in the briefs relative to the questions of ownership and agency, notwithstanding the appeal was taken under the alternative method and it is incumbent upon appellants to print in their briefs, or in a supplement thereto, so much of the record as is necessary to enable us intelligently to pass upon the questions presented. (Code Civ. Proc., sec. 953c.)

[3] There was sufficient evidence to support the verdict and the jury's implied finding that, at the time of the accident, Hazard was driving the car as the agent of Mrs. Cronkhite. If Mrs. Cronkhite owned the car, then the fact that she was sitting on the front seat with Hazard while he drove, apparently acquiescing in its operation by him, was amply sufficient to justify the inference that the agency, as alleged in the complaint, existed. So that the sufficiency of the evidence to justify a finding of agency depends upon its sufficiency to justify a finding that the car was the property of Mrs. Cronkhite. That the evidence was sufficient to justify such a finding we have no doubt. Though Hazard gave direct testimony as to the ownership of the car, and testified that it did not belong to Mrs. Cronkhite, nevertheless the jurors were justified in disbelieving this part of his testimony, for the reason that discredit was cast upon it by the evidence of an impeaching witness produced in rebuttal by respondents, one Kemp, who testified that on the day after the accident Hazard told him that "he did not want to get Mrs. Cronkhite mixed up in this, as she has furnished the car." Hazard admitted that when Mrs. Cronkhite gave the Crown Garage & Machine Works her personal check for $575—this was at the time when he says he purchased the car for Stansbury from the Crown

Garage & Machine Works—he may have said to her: "This is your car until I give you back your money." Mrs. Cronkhite likewise gave direct testimony that she did not own the car. [4] But, according to the testimony of witnesses for respondents, she declared, at the time of the accident, that she would "settle all damages." According to respondents' witnesses, Mrs. Cronkhite, immediately after the collision, took the names of witnesses to the accident, while Hazard sat in the car apparently indifferent; and, at the same time, she made the statement: "My car is hurt just as much as the other car." Her conduct in thus busying herself with the names of witnesses, and her statements about "my car," and that "I will settle all damages," clearly evidence the interest of one who is conscious of liability as the owner of the car. This, in connection with the fact, admitted at the trial, that the car was registered in her name for the year 1914, was amply sufficient to justify the jury in disbelieving the direct evidence of herself and Hazard that she was not the owner of the car on November 5, 1914, the day of the accident. [5] The Motor Vehicle Act requires the owner of every automobile to cause an application for registration to be filed, and the automobile to be registered, in the name of the owner. (Stats. 1913, p. 641, secs. 3, 4.) Such legislation warrants a finding that the person in whose name an automobile is registered is in fact the rightful owner. (*Commonwealth* v. *Sherman*, 191 Mass. 439, [78 N. E. 98]; *Ferris* v. *Sterling*, 214 N. Y. 249, Ann. Cas. 1916D, 1161, and note on p. 1163 et seq., [108 N. E. 406].)

For the foregoing reasons we hold that the evidence, as disclosed by such parts of the record as have been printed in the briefs, was sufficient to justify the verdict. It is possible that there may be evidence in the record which, if printed in appellants' brief, and thus properly called to our attention, would necessitate a different conclusion. [6] The alternative method of appeal, though permitting parties to file typewritten transcripts of the evidence, casts no burden upon appellate courts to examine the typewritten documents. (*California Sav. etc. Bank* v. *Canne*, 34 Cal. App. 768, [169 Pac. 395].)

[7] It is next contended that there is a fatal variance between the case alleged in the complaint and the proof, in that —so it is argued—the complaint alleges "willfulness" and

40 Cal. App.—4

the evidence shows only "negligence"—citing in support of
this contention *Tognazzini* v. *Freeman,* 18 Cal. App. 468, [123
Pac. 540], where the distinction between "willfulness" and
"negligence" is clearly pointed out. Assuming, for the pur-
pose of this decision only, that the complaint tendered an issue
of willfulness only, and not negligence—an assumption which,
we think, is not borne out by the language of the pleading—
nevertheless, we have no means of knowing whether the evi-
dence fell short of establishing willfulness on the part of
appellants, since they have failed to print in their briefs a
sufficient record. Where, as here, the appeal is taken under
the alternative method, "the law requires . . . that enough
must be printed [in the briefs or in a supplement thereto] to
illustrate the points made and to enable the court to deter-
mine those points." (*California Sav. etc. Bank* v. *Canne,*
*supra.* See, also, *McLaren* v. *Hards,* 39 Cal. App.. 104, [178
Pac. 332]; *Lutz* v. *Merchants' Nat. Bank,* 179 Cal. 401, [177
Pac. 158].)

[8] There was no error in overruling the objection to the
question propounded to the witness Fuller, who, being asked
if, at the time of the collision, he heard Mrs. Cronkhite make
any statement with reference to the accident, answered that
she said: "My car is hurt just as much as the other car." It
was for the jury to say, from a consideration of all the evi-
dence, whether, in using the words "my car," Mrs. Cronk-
hite referred to the matter of ownership or was simply mak-
ing a comparison of the damage to the respective cars.

Finding no reversible error disclosed by any of the record
printed in the briefs, we are of the opinion that the judgment
should be affirmed, and the appeal from the order denying a
new trial dismissed.

It is ordered accordingly.

Sloane, J., and Thomas, J., concurred.