[Civ. No. 5755. First Appellate District, Division Two.—March 29, 1927.]

E. DICKSON, Respondent, v. IRVIN C. KEELER, etc., Appellant.

[1] APPEAL—EVIDENCE—FAILURE TO COMPLY WITH SECTION 953c, CODE OF CIVIL PROCEDURE.—Questions involving a consideration of the evidence introduced at the trial cannot be passed upon on appeal, where the appellant has failed to comply with section 953c of the Code of Civil Procedure requiring him to print in his brief, or in a supplement appended thereto, such portions of the record to which he wishes to direct attention.

[2] CONTRACTS—ASSIGNMENT AFTER BREACH — FINDING — EVIDENCE — APPEAL.—On this appeal from a judgment in favor of plaintiff for damages for breach by defendant of a contract for the exchange of advertising space, it is held that enough of the evidence is printed in respondent's brief to show, at least *prima facie*, that the evidence supports the trial court's finding that the contract in question was breached by defendant before an assignment thereof was made by plaintiff's assignor.

[3] ID. — TIME OF PERFORMANCE—CUSTOM—EVIDENCE.—On such appeal, appellant's point that the trial court did not give proper weight to the evidence of custom and usage in respect to the time with which the contract should have been performed by defendant, is without merit, where there is no evidence shown either in appellant's or respondent's brief concerning the alleged custom or usage as to the time within which the contract should have been performed, and the evidence printed in respondent's brief shows appellant's persistent neglect to perform the contract extended over a period of several years.

---

(1) 3 C. J., p. 1409, n. 28.   (2) 5 C. J., p. 885, n. 56, p. 1019, n. 39.

1. See 2 Cal. Jur. 643.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Louis H. Ward, Judge. Affirmed.

The facts are stated in the opinion of the court.

Albert I. Loeb for Appellant.

Joseph A. Brown and F. A. Anderson for Respondent.

KOFORD, P. J.—This is an appeal by defendant from a judgment in favor of plaintiff for damages for breach of contract.

Defendant and the assignor or assignors of the plaintiff entered into a contract for the exchange of advertising space. The judgment is based upon the finding that plaintiff's assignor performed its part of the contract but defendant did not.

Two points are raised by the appellant as reasons for reversal. First, he claims the service agreed to be performed by plaintiff's assignor was of such a nature that it could not be assigned without consent of defendant and that the evidence shows the assignment was made before and not after the breach by defendant giving rise to the cause of action. The findings of fact made by the court show that the breach occurred before the date of the assignment claimed by appellant. Second, he claims the trial court did not give proper weight to the evidence of custom and usage in respect to the time within which the contract should have been performed by the defendant.

[1] Both of these questions involve a consideration of the evidence introduced at the trial. Respondent raises the point that the appellant has failed to comply with section 953c of the Code of Civil Procedure, and the numerous decisions of this court requiring him to print in his brief, or in a supplement appended thereto, such portions of the record to which he wishes to direct attention. The point is well taken. (*McLaren v. Hards*, 39 Cal. App. 104 [178 Pac. 332]; *Pasadena Realty Co. v. Clune*, 34 Cal. App. 33 [166 Pac. 1025].)

[2] The appellant did not appear to argue nor has he replied to respondent's brief. Furthermore, enough of the

evidence is printed in respondent's brief to show, at least *prima facie,* that the evidence supports the court's finding that the contract was breached before the assignment was made. [3] There is no evidence shown either in appellant's or respondent's brief concerning the alleged custom or usage as to the time within which the contract should have been performed. The evidence printed in respondent's brief, however, shows defendant's persistent neglect to perform the contract extended over a period of several years. The point seems to be wholly without merit.

The judgment appealed from is affirmed.

Nourse, J., and Sturtevant, J., concurred.