[Civ. No. 11. Fourth Appellate District.—November 14, 1932.]

RICKA M. DePUY, Appellant, v. MATILDA V. SHAY, Executrix, etc., Respondent.

Swing & Wilson and A. W. Burt for Appellant.

David W. Richards and Martin J. Coughlin for Respondent.

BARNARD, P. J.—The plaintiff and her husband, C. F. DePuy, on December 30, 1925, purchased an Overland automobile under a contract which reserved title in the vendor until fully paid for, and which was signed by the plaintiff and her husband as purchasers. The purchase price was fully paid on February 13, 1926, and apparently the necessary papers were signed for a transfer of ownership, for the court found, and the finding is not attacked, "that a new pink certificate of ownership was issued on the first day of March, 1926, by the Motor Vehicle Division of the State of California, showing C. F. DePuy to be the legal and registered owner of said automobile, and by said Motor Vehicle Department mailed to said C. F. DePuy on or about March 1, 1926". It appears that this pink certificate, with the white certificate of registration, was mailed at Sacramento on March 4, 1926, addressed to the plaintiff's husband at San Bernardino, and while there is some evidence that it was received on March 9, 1926, there is other evidence indicating that it was received a few days earlier. On March 9, 1926, W. A. Shay as sheriff of the county of San Bernardino, seized the automobile under a writ of execution issued against the property of the plaintiff's husband, and later sold the same. This is an action for conversion brought by the plaintiff against the defendant sheriff, his executrix having been substituted in his stead

after his death. The trial court entered a judgment in favor of the defendant, and the plaintiff has appealed.

This being an action for conversion, the burden rested upon the appellant to affirmatively prove either ownership and the right of possession or actual possession of the automobile in question at the time of its alleged conversion (*General Motors A. Corp.* v. *Dallas*, 198 Cal. 365 [245 Pac. 184]). The appellant concedes that she is unable to show title by virtue of a certificate of ownership, as provided for in the California Vehicle Act, and that the automobile was registered in the name of her husband as legal owner. She contends, however, that all of the evidence shows not only that she was the equitable owner of the car with the right of possession, but that she was in the actual possession thereof, and that the court's findings to the contrary are without evidentiary support. The main questions presented are whether the findings that appellant's husband was the owner of the car and that he was in possession thereof, are supported by the evidence. Under well-settled principles these are questions of fact, and if the record contains any evidence to support such findings, they cannot be disturbed on appeal. The evidence in regard to ownership and possession is so closely related that we will consider both questions together.

The appellant relies upon her own testimony to the effect that she was the owner of the automobile; that she maintained a bank account separate from her husband; that she paid for the car with money from this bank account which she had maintained as her separate property for some years; that she was in possession of the car; and that her husband drove the same only with her permission. It is significant that while she testified that she paid for the automobile with money from her separate funds, the record contains no word of evidence as to the source from which these funds came nor as to any fact justifying the conclusion that the money used was the separate property of the appellant.

Whether property is separate or community in character is a fact to be determined upon proof showing the time and mode of acquisition rather than by a mere statement of one of the parties that the property is or is not community or separate property. (*Bias* v. *Reed,* 169 Cal. 33 [145 Pac. 516].)

It appears that the original contract under which this automobile was purchased was signed by both the appellant and her husband and that the husband signed with the appellant's knowledge and consent. She testified that when the car was purchased the salesman asked in whose name they wanted the car; that she told him to put it in her husband's name; that her husband refused; that it was not agreed that it should stand in his name; and that it was agreed that it should stand in both names. She also testified that she wanted his name on the contract; that she had his name on the registration card in order "to honor him in that way and because of that service"; that she had never made any objection to his name being thus used; that she had seen the certificate of registration in the car, with her husband's name on it; and that this was agreeable to her until she found the car was taken from her. While she testified that when she made the last payment on the car she asked for title thereto from the banker who received the payment, she testified that she did not tell him in whose name to have the car registered and when asked if she ever told anyone to register the car in the name of her husband, she replied: "Not entirely, no." Both the new pink slip and the white slip were issued in the name of the husband as legal owner, and the evidence indicates that these slips were received at appellant's home several days before the car was seized by the sheriff. The appellant testified that although she was looking for these slips to come, saw them when they came, and saw that they were addressed to her husband, she was too busy with her housework to open the envelope.

It fully appears from the evidence that the appellant's husband always drove the car; that he had been seen in it alone; that he cleaned and looked after it; that he had just finished cleaning it a short time before it was seized; and that when taken it was standing where he had left it on the driveway of their home. While the appellant testified that this home belonged to her as her separate property, she also testified: That her husband lived there with her; that when the sheriff came for the car he told her what he wanted and that the car was registered in her husband's name; that she started to open the gates for the sheriff, but found them locked; that she waited for her husband

to come and unlock the gates and let the sheriff in; and that when her husband came she walked away because she thought this was her husband's business.

■ The evidence, considered in the light most favorable to the judgment, falls short of establishing such actual possession in the appellant, as distinct from her husband, as is required to support such an action for conversion. With its reasonable inferences, we think the evidence tends more to show actual possession in the husband than in this appellant. Not only is such a claim of ownership and possession, as between husband and wife, to be closely scrutinized in a case of this kind, but the trial judge could well have distrusted certain of the testimony given by appellant, especially in view of other portions of her own evidence. (*Jolly* v. *McCoy*, 36 Cal. App. 479 [172 Pac. 618].) The husband himself was conspicuously absent from the trial. It being found upon sufficient evidence that the husband had actual possession of the car, a presumption arose that he was the owner (*Jolly* v. *McCoy, supra*). The fact that he was the registered legal owner in itself supports the findings that he was the owner. (*Hammond* v. *Hazard*, 40 Cal. App. 45 [180 Pac. 46].)

We think that all of the evidence, taken together, not only justified the trial court in refusing to take at its face value the arbitrary statements of the appellant, amounting to no more than conclusions, that she was the owner of the car and in possession thereof, but that it supports the findings complained of.

The respondent also relies upon an estoppel as against the appellant. Although there appears to be considerable merit in this point, it is unnecessary to consider the same in view of our opinion that the findings of the court on the questions of ownership and possession are sustained by the evidence.

The judgment is affirmed.

Marks, J., and Jennings, J., concurred.