FEDERICO YORDÁN, ETC., Plaintiff and Appellee, v. José Ríos MALDONADO, Defendant and Appellant.

No. 9494. Argued November 13, 1947.—Decided February 26, 1948.

---

242

*Raúl Matos* for appellant.   *Frank Torres* for appellee.

MR. JUSTICE TODD, JR., delivered the opinion of the Court.

The District Court of Ponce rendered judgment in this case, for damages, ordering the defendant to pay to the plaintiff the amount of $1,000, plus costs and $100 for attorney's fees.   In the statement of the case, findings and opinion rendered by the court in support of the judgment, it stated that the following facts had been sufficiently proved:

"1. On Friday January 19, 1940, at about 5 : 00 P. M., an GMC truck, license-plate number H–576, belonging to José Ríos Maldonado, defendant herein, who was engaged in the business of loading and transporting stone and gravel, was being driven by Juan Lugo,

a chauffeur, an agent and employee of the defendant, along Cruz Street of Ponce in the direction from north to south. On approaching the crossing or intersection of said Cruz Street with Aurora Street, said chauffeur did not sound the horn or any warning device whatsoever nor did he reduce the speed of the vehicle, causing it to enter the crossing of streets at a great speed and in such a negligent manner that he lost control thereof and caused it to collide with the left rear end of a small Ford bus, commonly known as a station wagon, then and there driven by Ramón Torres Almodóvar, the chauffeur.

"2. Said Ford wagon was driven by said chauffeur along Aurora Street in the direction from west to east, on his right-hand side and at a moderate speed, having sounded its horn upon approaching and entering the intersection of the streets and that he had almost crossed Cruz Street when it received the impact of the truck. By reason and as a consequence of this collision, the chauffeur of the station wagon lost control of the vehicle turning it towards its left and trapping defendant against a pole situated in the northerly sidewalk of Aurora Street where plaintiff was seated on a bicycle, leaning against said pole at a distance of about twenty feet from the intersection of said Cruz and Aurora Streets; that plaintiff's right leg was caught by the wagon against the front wheel of the bicycle and the latter against the pole, causing plaintiff to suffer excretions (sic.) and hemorrages in the soft tissues of his right leg.

"3. Plaintiff was taken to Tricoche Hospital where he received first aid and then he was taken to his home and later to Dr. Pila Clinic where he remained twenty-three days at the end of which he was discharged. Subsequently he went every day to said clinic for a period of fifteen days to receive heat treatment in the leg in order to decrease the swelling.

"4. By reason of the injuries suffered, their cure and treatment, plaintiff sustained intense physical pains and mental anguish. He feels a twist in his leg and when he does exercise it hurts him. For this reason when he entered to serve in the United States Army he could only discharge clerical work. The plaintiff also incurred in expenses in the amount of seventy-five dollars for medical fees."

Feeling aggrieved by the judgment defendant appealed and alleges that the lower court erred: (1) in rendering judgment for Federico Ramos Yordán, of legal age, basing it on a complaint filed by Federico Yordán, represented by Felisa

Yordán, his mother with *patria potestas,* without having made any substitution of parties; (2) in finding that the damages alleged had been proved in the absence of medical expert evidence to that effect; (3) in allowing the complaint to be amended in order to substitute the number of the truck for another, and (4) in finding that the aforesaid truck belonged to José Ríos Maldonado at the time of the accident; that it formed part of an enterprise of the latter and that it was being driven by defendant's chauffeur.

■■ As to the first assignment appellant contends that a complaint was filed pursuant to §§ 60 and 61 of the Code of Civil Procedure and that judgment was rendered on a different action (an action for damages under § 1802 of the Civil Code). We do not agree with appellant. It is true that when the action was begun in 1940 Federico Yordán was a minor and he appeared and was represented by his mother with *patria potestas,* that on the day of the trial he had already attained his majority of age and had been recognized by his natural father. However, the action was brought by the mother, according to the pleadings, not in her own behalf pursuant to § 60 of the Code of Civil Procedure, but on behalf of her son as the prejudiced party, and pursuant to §§ 1802 and 1803 of the Civil Code (1930 ed.). They are indeed, as appellant maintains, two different causes of action [1] but in the instant case the action was never predicated on § 60 of the Code of Civil Procedure.

Besides, we have that the matter of substitution of parties was never raised in the lower court by the defendant. On the contrary plaintiff himself called the attention of the court to this matter at the beginning of the trial without the defendant raising any objection whatsoever that the case should continue. Under these circumstances, we believe that the fact that in the course of the proceeding the plaintiff attained

---

[1] *Izquierdo* v. *Andrade,* 44 P.R.R. 706; *Carrasquillo* v. *Am. Missionary Association,* 61 P.R.R. 837.

his majority of age does not mean that he had to ask leave to amend the complaint in order to continue the suit in his own right, although he could have done so, inasmuch as the amendment would not have changed the cause of action, for as we have said the action was not brought by the mother in her own behalf but in behalf of her son. Cf. *Rosario* v. *Suárez,* 67 P.R.R. 552.

█ Neither the first nor the second error was committed, inasmuch as the plaintiff was competent to testify as to the injuries he received, the treatment he underwent and the time it lasted. Any incidental reference in technical terms used by the plaintiff, such as the injury in the "tibia", swelling, pains in the tendons, and the use of "diathermy" are so well known and so widely used that it does not mean that only an expert should have used them. If we take notice of the findings of the lower court numbered 3 and 4, *supra,* we shall see that the compensation was not granted because the plaintiff was partially incapacitated but rather because of the injuries sustained in his right leg, its cure and treatment and the pains which he suffered at that time and continued to feel subsequently.

██ The third assignment is to the effect that the court erred in permitting the complaint to be amended after the plaintiff introduced his evidence in the sense of changing the number of the truck, 51372, which appeared in the complaint, to No. H–576, which was the plate number that appeared on the license of the Department of the Interior already admitted in evidence.

In allowing this amendment, the court cited Rule 15(*b*) of the Rules of Civil Procedure [2] and also stated that it would

---

[2] Rule 15(*b*) provides: "Amendments to Conform to the Evidence.—When issues not raised by the pleadings are tried by express or implied consent of the parties or by order of the court, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence

gladly consider any motion from the defendant for the con-
tinuation or suspension of the case in order to give him an
opportunity to contradict the evidence introduced. Notwith-
standing this, the defendant personally stated, after an inci-
dent where his attorney wished to withdraw from the case
because of the manner in which the defendant had addressed
the court in opposing to the suspension suggested, that he
had evidence to contradict plaintiff's, he waived said suspen-
sion and insisted in continuing the hearing.

Before admitting in evidence the license of the Depart-
ment of the Interior in connection with truck H–576, Pedro
Juan Herrera had already testified that he was riding in
said truck and saw the accident and stated that the number
of the truck was 576 H. Appellant argues that this testi-
mony was not sufficient for the court to admit in evidence,
first the license and later to allow the amendment to the
complaint. We do not agree. The admission of the license
is not alleged as an error in this appeal and as to the amend-
ment of the complaint it is clearly authorized under Rule
15(b), *supra*. See 1 Moore's Federal Practice, 807 to 809.
No prejudice was caused to the defendant for the court gave
him an opportunity to move for the suspension of the trial
and he expressly waived it.

In the last assignment it is alleged that the court
erred in finding that the truck which caused the damage be-
longed to the defendant at the time of the accident; that it
formed part of an enterprise and was being driven by de-
fendant's chauffeur.

Plaintiff's evidence, believed by the trial court, showed
that truck No. H–576 was registered in the Department of

is objected to at the trial on the ground that it is not within the issues made by
the pleadings, the court may allow the pleadings to be amended and shall do so
freely when the presentation of the merits of the action will be subserved thereby
and the objecting party fails to satisfy the court that the admission of such
evidence would prejudice him in maintaining his action or defense upon the me-
rits. The court may grant a continuance to enable the objecting party to meet
such evidence.''

the Interior under the name of the defendant on January 19, 1940; that the defendant himself admitted to plaintiff's father, on the day following the accident, that the truck which caused the collision was his and that his chauffeur was driving it and the court found that the defendant was engaged in the business of transporting material in trucks and that the truck which caused the damages was coming from Central Mercedita towards Ponce loaded with sand.

The defendant tried to prove that said truck had been sold to Esperanza Aguilera on January 15, 1940 and he introduced in evidence an Assessment Return of truck number H–576 for 1940–1941, sworn by Mrs. Aguilera on April 8, 1940. Below her signature and oath, in the section entitled "Remarks", the following appears: "Acquired on January 15, 1940." In our opinion the court did not err in deciding that plaintiff's evidence, together with defendant's admissions, was sufficient to establish that truck No. H–576 belonged to the defendant on the day of the accident. Evidence of the official registration of a motor vehicle under the statute requiring said registration [3] constitutes *prima facie* evidence that it belongs to the person under whose name it appears registered. The adverse party, of course, may overcome this presumption. 1–2 Huddy Cyclopedia of Automobile Law 393, § 180; *Delano* v. *La Bounty,* 114 Pac. 434; *Hammond* v. *Hazard,* 180 Pac. 46; *Curry* v. *Stevenson,* 26 F.(2) 534; *Claudio* v. *Delgado,* 44 P.R.R. 730. The oral evidence presented by the defendant, as to this particular, was not believed by the lower court and it so stated, and as to the documentary evidence, it did not err in deciding that the assessment return filed by Mrs. Aguilera several months after the accident, that is, on April 8, 1940, and wherein, without swearing it, she stated that she had acquired the truck on January

[3] Act No. 75, to regulate the use of motor vehicles in Puerto Rico, approved April 13, 1916 as well as those approved subsequently, require every motor vehicle to be registered by its owner in the Department of the Interior and the Commissioner shall then issue the proper license.

15, 1940, ''would not prove, if anything, that on January 19, 1940 Esperanza Aguilera was already the owner of said truck. The words 'acquired on January 15, 1940', inserted in the return, *below the signature* of the taxpayer, have no probatory value whatsoever as to the date of the alleged conveyance. In any event, this return would be self-serving evidence and therefore inadmissible. See by analogy, *Rosario* v. *Jiménez*, 63 P.R.R. 357.''

Since none of the errors assigned were committed, the judgment is affirmed.